87 F.3d 1317
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Olusesan J. ADESANYA, Plaintiff-Appellant,
v.
Bud PRUNTY; D. Perez; W. Young; J. Builtman; R.A.
Ballard, Ltn., P.W. Perkins; R. Ricks; G.J.
Janda aka Genda; H.W. Willming; H.
Bard; R. Rogers, Defendants-Appellees.
 No. 95-56754.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 11, 1996.*
Decided June 18, 1996.
 
 Before: CANBY, NOONAN and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 California state prisoner, Olusesan Adesanya, appeals pro se the district court's summary judgment in favor of prison staff in his 42 U.S.C. § 1983 action. Adesanya contends that the district court erred by finding that prison officials were entitled to qualified immunity for their actions regarding his disciplinary proceedings and for serving him a cold meal. In addition, Adesanya contends that the district court erred by concluding that Adesanya had failed to demonstrate an actual injury in support of his claimed denial of access to the court. We review de novo the district court's summary judgment. Alaska Airlines, Inc. v. United Airlines, Inc., 948 F.2d 536, 539 (9th Cir.1991), cert. denied., 112 S.Ct. 1603 (1992). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Summary judgment is appropriate if the moving party presents evidence that shows that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. Once the moving party has met this initial burden, the nonmoving party has the subsequent burden of presenting significant probative evidence tending to support its claim that material, triable issues of fact remain. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250-51 (1986).
 
 
 4
 Adesanya contends that the district court erred by finding that prison officials were entitled to qualified immunity on his Eighth Amendment claim and on his due process claims. This contention lacks merit. Under the doctrine of qualified immunity, government officials are shielded from liability for civil damages if their conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982); see also Act Up!/ Portland v. Bagley, 988 F.2d 868, 871 (9th Cir.1993).
 
 EIGHTH AMENDMENT CLAIM
 
 5
 Adesanya contends that the prison officials violated his Eighth Amendment right to be free from cruel and unusual punishment by serving him a cold meal. "The Eighth Amendment requires only that prisoners receive food that is adequate to maintain health; it need not be tasty or aesthetically pleasing." LeMaire v. Maass, 12 F.3d 1444, 1456 (9th Cir.1993) (citations omitted). "The fact that the food occasionally contains foreign objects or sometimes is served cold, while unpleasant, does not amount to a constitutional deprivation." Id. (quoting Hamm v. DeKalb Country, 774 F.2d 1567, 1575 (11th Cir.1985), cert. denied., 475 U.S. 1096 (1986)).
 
 
 6
 Accordingly, the district court did not err by finding that prison officials did not violate clearly established law by serving Adesanya a cold meal on one occasion. See Harlow, 457 U.S. at 818.
 
 DUE PROCESS CLAIMS
 
 7
 Adesanya also contends that his due process rights were violated when: 1) he was removed from the general population meal line on one occasion; and 2) he received two separate, unrelated disciplinary reports. Specifically, he contends that with regard to the disciplinary reports, he was not given a copy of the disciplinary report and was not allowed to call witnesses at the hearing. These contentions also lack merit.
 
 
 8
 When prison discipline affects the length of a prisoner's incarceration, he is entitled to a hearing. See Wolff v. McDonnell, 418 U.S. 539, 558-59 (1974). Nevertheless, if the discipline does not "impose[ ] atypical [or] significant hardship on the inmate in relation to the ordinary incidents of prison life," he is not entitled to the full panoply of due process rights. Sandin v. Conner, 115 S.Ct. 2293, 2300 (1995).
 
 
 9
 Here, Adesanya was removed from the general population meal line once for failing to wear appropriate prison clothing. On two separate, unrelated occasions, he received two disciplinary reports for acting in contravention of prison rules, for which he was sanctioned with the loss of good time credit. Because the removal from a meal line on one occasion does not pose an "atypical or significant hardship," and Adesanya was given all the process that was due concerning the loss of his good time credit, his claim is without merit. See id. Accordingly, the district court did not err by finding that prison officials were entitled to qualified immunity on Adesanya's due process claims. See id.; see also Harlow, 457 U.S. at 818.
 
 ACCESS TO COURT CLAIM
 
 10
 Finally, Adesanya contends that the district court erred by finding that he had not demonstrated an actual injury from the 13-month delay in receiving an audio tape sent by his lawyer. This contention lacks merit.
 
 
 11
 Prisoners have a constitutional right to access to the courts. Bounds v. Smith, 430 U.S. 817, 821 (1977). However, in order to succeed on a claim of denial of access to the courts, an inmate must allege either an inadequate law library or alternative source of legal knowledge, or an actual injury. See Sands v. Lewis, 886 F.2d 1166, 1169 (9th Cir.1989). An actual injury consists of some specific instances in which an inmate was actually denied access to the courts. See id. at 1170-71.
 
 
 12
 Here, Adesanya contends that he was denied access to the courts because prison officials failed to give him a tape of a hearing allegedly sent by his attorney. He claims that the 13-month delay in receiving the tape "adversely affected" his ability to prepare a habeas petition. Adesanya concedes, however, that he was in possession of the transcript of the tape the entire time. Accordingly, the district court did not err by finding that Adesanya had failed to demonstrate an actual injury from the deprivation of the audio tape. See id.
 
 AFFIRMED.[1]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because of our disposition of this appeal, we do not consider the applicability, if any, of the Prison Litigation Reform Act, Pub.L. No. 104-134, 110 Stat. 1321 (1996), to this appeal